IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| SECURIAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ROBERT T. DIGH,<br>AUDREY E. LINEBERGER,<br>MATTHEW S. BALDWIN,<br>MICHAEL S. BALDWIN, and<br>TAYLOR K. DIGH, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT IN INTERPLEADER

Plaintiff Securian Life Insurance Company ("Securian"), for its Complaint in Interpleader, states:

## PARTIES

1. Securian is an insurance company organized and existing under the laws of the State of Minnesota, with its principal place of business in St. Paul, Minnesota, and is authorized to do business in North Carolina.

2. On information and belief, Defendant Robert T. Digh is the surviving spouse of Ellen V. Digh ("the Decedent"), and resides in Mount Holly, North Carolina.

3. On information and belief, Defendant Audrey E. Lineberger is the surviving daughter of the Decedent, and resides in Iron Station, North Carolina.

4. On information and belief, Defendant Matthew S. Baldwin is the surviving son of the Decedent, and resides in Stanley, North Carolina.

5. On information and belief, Defendant Michael S. Baldwin is the surviving son of the Decedent, and resides in Huntersville, North Carolina.

6. On information and belief, Defendant Taylor K. Digh is the surviving step-daughter of the Decedent, and resides in Mount Holly, North Carolina.

## Jurisdiction and Venue

7. This Court has original federal question jurisdiction over this action pursuant to 29 U.S.C § 1132(e)(1) and 28 U.S.C. §1331, because the action relates to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

8. Each of the Defendants is subject to the jurisdiction of this Court.

9. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1397, because this is an interpleader involving ERISA-governed Plan benefits and one or more of the adverse claimants reside in this District.

## Facts

10. The Decedent was an employee of Duke Energy Corporation ("Duke Energy") and a participant in an ERISA-regulated employee welfare benefit plan (the "Plan") sponsored and maintained by Duke Energy.

11. Basic and Supplemental Group Member Life Insurance benefits under the Plan are funded by a Group Term Life Insurance policy issued to Duke Energy by Securian under Policy No. 70362. A true and complete copy of the Policy is attached as **Exhibit A.** A true and complete copy of the Certificate of Insurance for the Group Policy (the "Certificate") is attached as **Exhibit B.**

12. Securian, as the Initial Claim Administrator, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. Securian has the power and

2

discretion to construe and interpret the Plan and to make factual determinations.

13. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

14. Pursuant to the Policy and Certificate, Securian will pay the death benefit to the beneficiary or beneficiaries. The owner of the policy may change the beneficiary designation, which takes effect as of the date it is signed. Further, the Policy states that "[o]nly the owner has the right to exercise ownership rights under the certificate, including but not limited to naming or changing a beneficiary. . . ." [Ex. A p. 18].

15. Upon information and belief, Duke Energy uses a Third Party Administrator, Alight Solutions, LLC, to manage the beneficiary designation records.

16. The Policy provides Basic Member Life Insurance coverage in an amount that is "one times annual earnings rounded to the next higher $1,000 if not already a multiple thereof...". The Policy provides Supplemental Life Insurance coverage in "an amount elected by the employee from the following options: one to eight times annual earnings, multiplied and then rounded to the next higher $1,000 if not already a multiple thereof…".

17. Based on her annual compensation, the Decedent had $122,000 in Basic Member Life Insurance coverage, and $488,000 in Supplemental Life Insurance coverage under the Policy and the Plan.

18. The most recent Beneficiary Confirmation Notice on file with Duke Energy, dated August 5, 2022, named the following:

**Basic Life**

| Primary Beneficiary(ies) | | |
|---|---|---|
| Name | Relationship | Benefit % |
| Michael S. Baldwin | Child | 36% |
| Audrey E. Lineberger | Child | 32% |
| Matthew S. Baldwin | Child | 28% |
| Taylor K. Digh | Child | 4% |
| | **Total** | **100%** |

**Supplemental Life**

| Primary Beneficiary(ies) | | |
|---|---|---|
| Name | Relationship | Benefit % |
| Michael S. Baldwin | Child | 37% |
| Audrey E. Lineberger | Child | 32% |
| Matthew S. Baldwin | Child | 27% |
| Taylor K. Digh | Child | 4% |
| | **Total** | **100%** |

A true and complete copy of the August 5, 2022, Beneficiary Confirmation Notice, which was mailed to Ms. Digh's address on file, is attached as **Exhibit C**.

19. The previous Beneficiary Confirmation Notice on file with Duke Energy, dated July 27, 2022, named the following:

**Basic Life**

| Primary Beneficiary(ies) | | |
|---|---|---|
| Name | Relationship | Benefit % |
| Michael S. Baldwin | Child | 37% |
| Audrey E. Lineberger | Child | 33% |
| Matthew S. Baldwin | Child | 30% |
| | **Total** | **100%** |

**Supplemental Life**

| Primary Beneficiary(ies) | | |
|---|---|---|
| Name | Relationship | Benefit % |
| Michael S. Baldwin | Child | 38% |
| Audrey E. Lineberger | Child | 33% |
| Matthew S. Baldwin | Child | 29% |
| | **Total** | **100%** |

A true and complete copy of the July 27, 2022, Beneficiary Confirmation Notice, which was mailed to Ms. Digh's address on file, is attached as **Exhibit D**.

20. The previous Beneficiary Confirmation Notice on file with Duke Energy, dated July 12, 2022, named the following:

**Basic Life**

| Primary Beneficiary(ies) | | |
|---|---|---|
| Name | Relationship | Benefit % |
| Michael S. Baldwin | Child | Equal |
| Audrey E. Lineberger | Child | Equal |
| Matthew S. Baldwin | Child | Equal |
| | **Total** | **100%** |

**Supplemental Life**

| Primary Beneficiary(ies) | | |
|---|---|---|
| Name | Relationship | Benefit % |
| Michael S. Baldwin | Child | Equal |
| Matthew S. Baldwin | Child | Equal |
| Audrey E. Lineberger | Child | Equal |
| | **Total** | **100%** |

A true and complete copy of the July 12, 2022, Beneficiary Confirmation Notice, which was mailed to Ms. Digh's address on file, is attached as **Exhibit E**.

21. The previous Beneficiary Confirmation Notice on file with Duke Energy, dated April 18, 2022, named the following:

**Basic Life**

| Primary Beneficiary(ies) | | |
|---|---|---|
| Name | Relationship | Benefit % |
| Michael S. Baldwin | Child | 25% |
| Matthew S. Baldwin | Child | 25% |
| Audrey E. Lineberger | Child | 25% |
| Robert T. Digh | Spouse | 15% |
| Taylor K. Digh | Child | 10% |
| | **Total** | **100%** |

**Supplemental Life**

| Primary Beneficiary(ies) | | |
|---|---|---|
| Name | Relationship | Benefit % |
| Michael S. Baldwin | Child | 25% |
| Matthew S. Baldwin | Child | 25% |
| Audrey E. Lineberger | Child | 25% |
| Robert T. Digh | Spouse | 15% |
| Taylor K. Digh | Child | 10% |

5

Case 3:23-cv-00343-DCK     Document 1     Filed 06/09/23     Page 5 of 10

|  | Total | 100% |
|--|-------|------|

A true and complete copy of the April 18, 2022, Beneficiary Confirmation Notice, which was mailed to Ms. Digh's address on file, is attached as **Exhibit F**.

22. The Decedent died on September 3, 2022. A true and complete copy of Decedent's certified death certificate is attached as **Exhibit G**.

23. By letter dated September 19, 2022, Securian wrote to Defendants Audrey Lineberger, Matthew Baldwin, Michael Baldwin, and Taylor Digh informing them that they were each a named beneficiary of Decedent's insurance coverage and further requested that each provide a completed Beneficiary Statement. True and correct copies of the September 19, 2022, letters are attached as **Exhibit H**.

24. On September 26, 2022, Michael Baldwin contacted Securian regarding the status of the death claim for insurance benefits and was advised of the correspondence mailed to him on September 19, 2022. He requested the letter be resent, and Securian resent the letter via email.

25. Michael Baldwin submitted a Beneficiary Statement form dated September 26, 2022. A true and complete copy of the form is attached as **Exhibit I**.

26. Audrey Lineberger submitted a Beneficiary Statement form dated September 27, 2022. A true and complete copy of the form is attached as **Exhibit J**.

27. By letter dated September 27, 2022, Securian wrote to Audrey Lineberger advising that her Beneficiary Statement contained an incorrect Social Security Number and requested that she correct the error.

28. By letters dated September 28, 2022, Securian wrote to Michael Baldwin advising that benefits had been issued on the death claim and enclosed explanation of benefits with details of the issued payments. True and complete copies of the September 28, 2022, letters are attached as **Exhibit K**. As indicated in the letters, Michael Baldwin was paid $43,948.88 from the Basic

Life Benefits and $180,678.72 from the Supplemental Life Benefits.

29. At no time before the payments to Michael Baldwin was Securian notified of issues or disputes regarding the beneficiary forms. In particular, Securian was not aware of any allegation that Ms. Digh did not complete the beneficiary form herself. Instead, Securian paid benefits according to the current beneficiary designation.

30. On September 30, 2022, Audrey Lineberger contacted Securian advising that she believed that the beneficiary amounts had been changed without the decedent's consent. In addition, she believed that Robert Digh should have been named as a beneficiary.

31. Matthew Baldwin submitted a Beneficiary Statement form dated September 30, 2022. A true and complete copy of the form is attached as **Exhibit L**.

32. On October 3, 2022, Robert Digh contacted Securian and advised that he believed the beneficiary designation prior to decedent's death had been changed fraudulently.

33. Audrey Lineberger submitted a Beneficiary Statement form dated October 19, 2022. A true and complete copy of the form is attached as **Exhibit M**.

34. By letter dated November 3, 2022, Robert Digh sent a document to Securian outlining his view of his wife's intentions with her financial accounts and benefits. A true and complete copy of the November 3, 2022, document is attached as **Exhibit N**.

35. In light of these allegations, Securian contacted the third-party administrator and Duke Energy to see if there was any additional information regarding the changes in beneficiaries. In March 2023, Securian confirmed that there was no additional information from the third-party administrator and Duke Energy to assist in the determination of beneficiaries.

**COUNT ONE**
**INTERPLEADER**

36. Securian adopts and realleges the allegations above as if they were set forth herein.

37. Given the new allegations of fraud, Securian cannot determine the proper beneficiaries of the Basic Life and Supplemental Life benefits without risking exposure of itself, Duke Energy, and the Plan to multiple vexation, multiple litigation, and/or multiple liability.

37. Securian's interest in the Basic Life and Supplemental Life benefits is to determine the appropriate beneficiary(ies) and to recover its attorneys' fees and costs of this action. Securian therefore requests that this Court determine to whom the Basic Life and Supplemental Life benefits should be paid.

38. Securian is ready, willing, and able to pay the Basic Life and Supplemental Life benefits in such amounts and to whichever Defendant or Defendants the Court shall designate.

39. Securian will deposit into the Registry of the Court the remaining Basic Life and Supplemental Life benefits, plus any applicable interest due and owing under the terms of the Plan documents, for disbursement in accordance with the Judgment of the Court.

## COUNT TWO
## UNJUST ENRICHMENT/OTHER EQUITABLE RELIEF

40. Securian adopts and realleges the allegations above as if they were set forth herein.

41. Pursuant to the Policy language, only the insured employee/owner, Ellen Digh, can change the beneficiary designation. "You [Ellen Digh] name a beneficiary to receive the death benefit at your death. You [Ellen Digh] may name one or more beneficiaries. You [Ellen Digh] can change the beneficiary designation at any time. . . ." [Exhibit A p. 16]. "Only the owner [Ellen Digh] has the right to exercise ownership rights under the certificate, including but not limited to naming or changing a beneficiary. . . . [Exhibit A p. 18].

42. Similarly, under North Carolina law, only the owner/insured may change the beneficiary on a life insurance policy. *Adams v. Jefferson–Pilot Life Ins. Co.,* 148 N.C. App. 356, 361, 558 S.E.2d 504, 508 (2002).

43.     If a change is made by someone who is not the owner/insured, the changes are a legal nullity, and the equitable cause of action of unjust enrichment is proper. *Primerica Life Ins. Co. v. James Massengill & Sons Const. Co.,* 211 N.C. App. 252, 259, 712 S.E.2d 670, 676 (2011).

44.     A federal court, in exercising its authority, may use federal common law to construct a proper remedy when resolving a dispute regarding an ERISA policy. *Phoenix Mut. Life Ins. Co. v. Adams,* 30 F.3d 554, 563 (4th Cir. 1994). In this exercise of authority, a federal court may draw on state common law in shaping its analysis and remedy. *Id.* (the court considered state common law to help resolve a dispute regarding a change in beneficiary form).

45.     Here, upon information and belief, Robert Digh has alleged that Michael Baldwin changed Ms. Digh's Beneficiary Designations without her permission. Upon information and belief, Robert Digh alleges that due to this change, Michael Baldwin received insurance proceeds that were not due to him.

46.     In paying the insurance proceeds to Michael Baldwin, Securian issued the payment without any knowledge of Robert Digh's allegations. Securian issued the payment in good faith and pursuant to the current beneficiary form. Securian did not issue the payment officiously or gratuitously.

47.     If the court finds that Robert Digh's allegations are true, Michael Baldwin should deposit such funds with the Court for the proper determination of the beneficiaries.

48.     Other equitable remedies such as injunction, disgorgement or restitution may be requested by the other beneficiaries.

WHEREFORE, Securian demands judgment as follows:

(i)     Restraining and enjoining Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court or any administrative agency against Securian, Duke Energy, or the Plan for recovery of

the insurance benefits, plus any applicable interest by reason of the death of the Decedent;

(ii) Requiring that Defendants litigate or settle and agree between themselves their claims for the insurance benefits, or upon failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus any applicable interest, should be paid;

(iii) Permitting Securian to pay into the Registry of the Court the insurance benefits, plus any applicable interest;

(iv) Dismissing Securian with prejudice from this action and discharging Securian, Duke Energy, and the Plan from any further liability upon payment of the insurance benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(v) Awarding Securian its costs and attorney's fees; and

(vi) Awarding Securian such other and further relief as this Court deems just, equitable, and proper.

This 8th day of June, 2023.

/s/ Gemma L. Saluta
Gemma L. Saluta (N.C. Bar No. 37032)
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: Gemma.Saluta@wbd-us.com

*Counsel for Securian Life Insurance Company*